UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alexandria Denise Graham, | ) | Civil Action No.:_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Equifax Information Services, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

1.    This is an action brought by Plaintiff, Alexandria Denise Graham, for actual, statutory and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2.    The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.    The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION AND VENUE

4.    This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681p, and 28 U.S.C. §1331 and §1332.

5.      Venue is proper in the Florence Division because the Plaintiff resides in Horry County and the Defendant transacted business in this division.

## **PARTIES**

6.      Plaintiff, Alexandria Denise Graham, is a resident and citizen of the State of South Carolina, Horry County, and is over the age of twenty-one (21) years.  Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

7.      Defendant Equifax Information Services, LLC ("Equifax") is a Georgia company registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

8.      Defendant Equifax is a credit reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.  Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

9.      Defendant disburses such consumer reports to third parties under contract for monetary compensation.

10.      Defendant's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible

accuracy of the information concerning the Plaintiff's credit file, and which requires Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

11.    The Plaintiff alleges that Defendant repeatedly failed to block, delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file, and failed to investigate Plaintiff's disputes.  Defendant repeatedly disseminated Plaintiff's inaccurate credit file to third parties, causing Plaintiff to be denied credit and subjected to further damages as set forth herein.

## FACTUAL ALLEGATIONS

12.    On or about May 20, 2015, Plaintiff obtained an auto loan through Santander Consumer USA.

13.    On May 2, 2021, Santander repossessed Plaintiff's car.  Plaintiff called Santander and was given the total account balance and was informed that in order for Plaintiff to get her car back, she would need to pay the entire balance in full.

14.    The total account balance provided by Santander to Plaintiff was $4,512.48.

15.    On May 6, 2021, Plaintiff sent, via MoneyGram Payment Systems, Inc., payment in the amount of $4,512.48 to Santander Consumer USA as full and final payment of the auto loan.

16.    On the same day May 6, 2021, Plaintiff called Santander to confirm they had received the $4,512.48 payment.  During the phone call, Plaintiff was congratulated for paying off her loan.  When Plaintiff asked if everything was paid, she was told she owed nothing and that she would be receiving the title to the car within the next 30 days.

17.    On or about April 15, 2022, Plaintiff checked Credit Karma.  The Santander Consumer Account was showing the balance increased by $1.00 on Plaintiff's Equifax credit report.

18.    On or about May 9, 2022, Plaintiff obtained a copy of her Equifax credit report. Equifax was reporting a Santander Consumer USA Account as a charged off account with a past due balance of $785.00.

19.    On or about May 9, 2022, Plaintiff sent a written dispute letter to Equifax ("First Dispute").  In her letter, Plaintiff informed Defendant there were several accounts reporting incorrectly.  Specifically, Santander Consumer USA, Acct #xxxx1000 should be reporting a zero balance and closed as she had previously paid off the loan in full to Santander after repossession.   Additionally, Plaintiff disputed Financial Data Systems LLC, Acct # xxxx4215, for a $28 medical bill she did not owe as she had United Healthcare insurance at the time of the alleged charged and she had never received a bill showing she owed any amount to Clinical Pathology and the collection account should be immediately removed; Financial Data Systems LLC, Acct # xxxx4214, for a $23 medical bill she did not owe as she had United Healthcare insurance at the time of the alleged charged and she had never received a bill showing she owed any amount to Clinical Pathology and the collection account should be immediately removed; and Merchants Adjustment Service, Acct # xxxx32, for a $96 medical bill she did not owe as she had United Healthcare Insurance at the time of the alleged charged and she had never received a bill from Carolina Radiology Associates stating she owed any amount.  Plaintiff also provided Defendant with her full Social Security Number, her date of birth, and her address.

20.     Defendant received Plaintiff's First Dispute on May 14, 2022.

21.     On or about May 24, 2022, Plaintiff received the results of Defendant's alleged reinvestigation into her First Dispute.  The Financial Data Systems LLC Accounts 4214 and 4215, and the Merchants Adjustment Service Account were verified as accurate.  The Santander Consumer USA Account was also verified as accurate and was reporting as an open account.

22.     On or about July 6, 2022, Plaintiff sent a second written dispute letter to Defendant ("Second Dispute") in which she stated that she had received Equifax's Investigation Results and the Santander Consumer USA account, The Financial Data Systems LLC Accounts 4214 and 4215, and the Merchants Adjustment Service account were still reporting incorrectly on her credit report.  Plaintiff again stated the Santander Consumer USA, Acct #xxxx1000 should be reporting as a zero balance and closed as she had previously paid $4,512.48 to pay off the loan in full after repossession. Plaintiff also provided another copy of the MoneyGram receipt showing the payment.  Plaintiff also disputed the Financial Data Systems LLC, Acct # xxxx4215, for a $28 medical bill to Clinical Pathology; Financial Data Systems LLC, Acct # xxxx4214, for a $23 medical bill to Clinical Pathology; and Merchants Adjustment Service, Acct # xxxx32, for a $96 medical bill from Carolina Radiology Associates as not owed.

23.     Defendant received Plaintiff's Second Dispute on July 9, 2022.

24.     On or about July 14, 2022, Plaintiff received the results of Defendant's alleged reinvestigation into her Second Dispute.  The Financial Data Systems LLC Accounts 4214 and 4215 were again verified as reporting correctly.  The Merchants Adjustment Service

Account was also verified as accurate. Finally, the Santander Consumer USA Account was verified and continued to report a past due amount.

25.    On or about January 6, 2023, Plaintiff sent a third dispute letter to Defendant ("Third Dispute") in which she informed Defendant that she had received Defendant's Investigation Results and that the Santander Consumer USA account, The Financial Data Systems LLC Accounts 4214 and 4215, and the Merchants Adjustment Service account were still reporting incorrectly on her credit report.

26.    Defendant received Plaintiff's Third Dispute on January 11, 2023.

27.    On or about January 21, 2023, Plaintiff received the results of Defendant's alleged reinvestigation into her Third Dispute.  The Financial Data Systems LLC Account 4214 account was deleted from Plaintiff's credit report. However, the Financial Data Systems LLC Account 4215 and the Merchants Adjustment Service Account were verified as accurate.  The Santander Consumer USA Account was also verified as accurate, open, and having a past due balance.

28.    Plaintiff was extremely upset that these inaccurate items continued to be reported on her credit report because it was preventing her from getting an apartment.

29.    On or about January 4, 2024, Plaintiff obtained a copy of her Equifax credit report online and it showed Defendant was continuing to report the Santander Consumer USA account as a charge-off account with a charged-off amount of $5,579.00.

30.    On or about January 5, 2024, Plaintiff sent a fourth written dispute letter to Defendant ("Fourth Dispute") stating that she had obtained a copy of her Equifax credit report online and it was still reporting the Santander Consumer USA account incorrectly.

Plaintiff informed Defendant that Santander had repossessed her car, provided a loan payoff of $4,512.48 as full and final, and that she had paid the $4,512.48 on May 6, 2021, via MoneyGram to Santander.  As a result of her payment, Santander returned her car. Plaintiff again provided a copy of the May 6, 2021 MoneyGram to Defendant.  Plaintiff also informed Defendant the Account should be reporting as paid off as of June 2021, that the entire balance was paid in full and there was no charge-off amount. Plaintiff requested Defendant to remove the charged off amount of $5,579.00.

31.     Defendant received Plaintiff's Fourth Dispute on January 8, 2024.

32.     On or about January 9, 2024, Plaintiff received the results of Defendant's alleged reinvestigation into her Fourth Dispute.  Defendant stated the Santander Consumer USA Account was reporting a zero balance and that adverse accounts that have been paid in full would automatically be deleted in seven years.  Despite Plaintiff's dispute, Defendant continued to report the Account with a charged-off amount of $5,579.

33.     To date, Defendant continues to report the Santander Consumer USA account incorrectly.

34.     Defendant failed to make a reasonable investigation into Plaintiff's disputes.

35.     Upon receipt of the ACDV responses, Defendant simply accepted the furnishers' verifications of the Accounts and did not undertake to perform any investigation of its own.

36.     For over 35 years, courts have recognized that a CRA cannot rely upon its data furnishers exclusively, when the consumer disputes the accuracy of the furnishers' information.  The CRA must make some independent investigation of its own.  "Merely reporting whatever information the creditor furnished was not reasonable, especially where

the defendant knew of the impending dispute between the [consumer] and [furnisher]." *Swoager v. Credit Bureau of Greater St. Petersburg,* 608 F.Supp. 972 (M.D. Fla. 1985); *see also Bailey v. TransUnion Credit Info. Servs.,* 2016 U.S. Dist. LEXIS 196516, 2016 WL 11540113 (N.D. Ga. Nov. 28, 2016); *Crane v. TransUnion*, 282 F. Supp. 2d 311 (E.D. Pa. 2003)(explaining that a CRA must "go beyond the original source" to satisfy its duties to investigate).

37.     If the CRA knows or should know that the furnisher is unreliable, then a "reasonable reinvestigation" may require verifying the accuracy of the furnisher's information directly. The "grave responsibility" imposed by §1681i(a) must consist of something more than merely parroting information received from other sources. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).

38.     Defendant's knowing and repeated violations of the FCRA warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

## COUNT ONE
### (Fair Credit Reporting Act)

39.     The Plaintiff adopts the averments and allegations of paragraphs 12 through 38 hereinbefore as if fully set forth herein.

40.     Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:  (a) failing to follow reasonable

procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b) and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

41.    Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

42.    As a result of Defendant's negligent violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of credit, denial of housing, inability to rent an apartment, anxiety, worry, fear of being homeless, loss of sleep, family discord, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment and mental anguish. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

43.    In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

44.    Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681n(a).

## **COUNT TWO**
(Fair Credit Reporting Act)

45.    The Plaintiff adopts the averments and allegations of paragraphs 12 through 44 hereinbefore as if fully set forth herein.

46.    Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:  (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in

consumer reports, as required by 15 U.S.C. §1681e(b) and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

47.    Defendant willfully failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

48.    Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff is entitled to statutory damages.

49.    As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of credit, denial of housing, inability to rent an apartment, anxiety, worry, fear of being homeless, loss of sleep, family discord, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment, and mental anguish.  Plaintiff is entitled to actual damages in an amount to be determined by the jury.

50.    In addition, the Plaintiff has incurred litigation expenses, and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

51.    Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights.  Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

52.    Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A.    Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.    Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.    Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.    For such other and further relief as the Court may deem just and proper

*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed. ID No. 10323
Attorneysfor Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Equifax Information Services, LLC
c/o Corporation Service Company - Registered Agent
508 Meeting Street
West Columbia, SC 29169